UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 05-C-02409 DSD/RLE

Kristine Forbes (Lamke) and Morgan Koop, individually and as representatives of all others similarly situated,

        Plaintiffs,

v.

Wells Fargo Bank N.A.,

        Defendant.

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO REMAND**

## INTRODUCTION

By federal statute, a defendant is prohibited from removing a case to federal court more than thirty days after the defendant first receives notice that the case is removable. See 28 U.S.C. § 1446(b). The documents the present Defendant submits in support of its Notice of Removal show on their face that more than six months prior to removing the case, Defendant had received all the information that it now claims supports removal jurisdiction. Defendant's removal is therefore untimely. Accordingly, the case should be remanded to state court and Plaintiffs should be awarded their fees and costs.

## FACTS

Plaintiffs served their Complaint in this matter in Hennepin County District Court on December 9, 2004. (See Wells Fargo's Exhibits to Notice of Removal at 0016.) That neither Plaintiff is a citizen of California, where Defendant claims to have its principal place of business, is evident from the Complaint. (See Id. at 003.)

Litigation proceeded in state court for many months. Defendant took Plaintiff Kristine Forbes' deposition on March 15, 2005. (See Id. at 00144.) Defendant filed a motion for summary judgment in state court on April 7, 2005. (See Id. at 00115.)[1] In support of that motion, Defendant filed an Affidavit of Michael M. Krauss. (See Id. at 00141.) Attached to Krauss' affidavit as Exhibit A was a copy of the transcript of Forbes' March 15, 2005 deposition. (See Id. at 00141, 00144-00177.) Therefore, Defendant had necessarily received the Forbes' deposition transcript on or before April 7, 2005.

Several months later, Defendant served Plaintiff Forbes with its First Request for Admissions. (See Id. at 00305-00307.) Each request sought to have Plaintiff Forbes admit that she no longer claimed the damages she had testified to in her March 15, 2005 deposition. (See Id.) Plaintiff denied each of Defendant's requests on October 10, 2005. (See Id.)

On October 14, 2005, Defendant filed its Notice of Removal to this Court. Defendant claims, "This notice of removal is filed within thirty days after Wells Fargo's receipt of a paper establishing that the case is one which is removable." (Defendant's Notice of Removal at ¶ 4.) Significantly, Defendant does *not* claim that it filed its Notice of Removal within thirty days after receiving the paper that *first* established that the case was removable. The only paper that the Notice of Removal claims Defendant received in the thirty days prior to October 14, 2005 is Plaintiff Kristine Forbes' Answers to

---

[1] Defendant's Motion for Summary Judgment has not been heard.

Defendant Wells Fargo's First Request for Admissions.  (See Notice of Removal.)  As noted, those Answers simply reiterated Forbes' deposition testimony.

Defendant has noticed a hearing on its Motion for Summary Judgment in this Court for January 6, 2006.  Under LR 7.1, Plaintiffs' opposition would therefore be due on December 19, 2005, if the case is not remanded in the meantime.

Plaintiffs' counsel has spent eight hours preparing the present motion at an hourly rate of $225.00 per hour.  (See Goolsby Aff. ¶ 2.)  Plaintiffs' counsel anticipates spending an additional three hours preparing for and attending the November 15, 2005 hearing.  (See Goolsby Aff. ¶ 3.)  Plaintiffs therefore will have incurred a total of $2,475.00. in attorney's fees in relation to this motion.  (See Goolsby Aff. ¶ 5.)

## ARGUMENT

**I.   THE CASE SHOULD BE REMANDED TO STATE COURT AND PLAINTIFFS SHOULD BE AWARDED ATTORNEY'S FEES BECAUSE DEFENDANT'S REMOVAL WAS IMPROPER DUE TO ITS UNTIMELINESS.**

The federal removal statute provides, in relevant part, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (emphasis added).

The time limits in § 1446 "are mandatory and are subject to strict construction." Greising v. C. P. Chemical Co., Inc., 646 F. Supp. 553, 554 (D. Minn. 1986) (citing Percell's Inc. v. Central Tel. Co., 493 F. Supp. 156, 157 (D. Minn. 1980); 14 C. Wright

and A. Miller & Cooper, Federal Practice and Procedure § 3732 (1985)). This Court has held, "The purpose of the removal statutes is to restrict and limit removal jurisdiction, such that removal statutes are to be construed narrowly and any doubt should be resolved against removal jurisdiction." Graff v. Qwest Communications Corp., 33 F. Supp. 2d 1117, 1119 (D. Minn. 1999) (DSD/AJB) (citing American Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951)). In an earlier case this Court explained:

> When plaintiff brings a timely motion to remand defendant bears the burden of proof of showing the action was properly removed. Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1203 (D.R.I. 1986). All doubts as to the propriety of removal are to be resolved in favor of the plaintiff. Abbott, 629 F. Supp. at 1203. In determining whether to remand the Court must construe the removal statute against removal and in favor of remand as well as give due consideration to the stage of the litigation in the state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 874, 85 L.Ed. 1214 (1941); Boland v. Bank Sepah-Iran, 614 F. Supp. 1166, 1169 (S.D.N.Y. 1985). This stringent approach rests on "principles of federalism, comity, and the sovereignty of the several states." Abbott, 629 F. Supp. at 1203. In addition it stems from a concern for avoidance of wasting judicial resources, particularly since a defendant who moves for removal may later challenge the existence of federal jurisdiction if unhappy with the results obtained. Harrell v. Reynolds Metals Co., 599 F. Supp. 966 (N.D.Ala. 1985); Belle View Apts v. Realty Refund Trust, 602 F. Supp. 668 (4th Cir. 1979); see also Boland, 614 F. Supp. at 1169-70 (permitting removal after extensive motion practice would be waste of judicial resources).

Johansen v. Employee Benefit Claims, Inc., 668 F. Supp. 1294, 1295-96 (D. Minn. 1987).

In this case, the "paper from which it [could] *first* be ascertained that the case [was] one which [was] or ha[d] become removable," § 1446(b), was the transcript of the deposition of Kristine Forbes, which Defendant received no later than April 7, 2005. Defendant's opportunity to remove the case thus expired no later than May 9, 2005 (May

7, 2005 being a Saturday). Hence, Defendant's October 14, 2005 Notice of Removal was untimely by at least 158 days.

Defendant's reliance on Plaintiff Forbes' October 10, 2005 Answers to Defendant Wells Fargo's First Request for Admissions is misplaced because those Answers did not establish anything that had not already been established in Forbes' deposition testimony. If Defendant's removal were allowed, a defendant in any case could start its removal clock anew simply by asking the plaintiff in discovery if he or she still stood by her previous statements relevant to jurisdiction. Such gamesmanship should not be countenanced. Accordingly, the case should be remanded to state court.[2]

Under 28 U.S.C. § 1447(c), "an award of attorney's fees [is] the norm for improper removal." Schorsch v. Hewlett-Packard Co., 417 F.3d 748, 751 (7th Cir. 2005). An award of attorney's fees under § 1447(c) does not require a showing of bad faith. See Topeka Housing Authority v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005); In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996); Calloway v. Union Pacific R.R. Co., 929 F. Supp. 1280, 1283 (E.D. Mo. 1996). Section 1447(c) "is not a sanctions rule; it is a fee-shifting statute, entitling the district court to make whole the victorious party." Garbie v. Daimlerchrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000); see also Hofler v. Aetna U.S. Healthcare of California, 296 F.3d 764, 770 (9th Cir. 2002). Attorney's fees are proper under § 1447(c) when removal is wrong as a matter of law, even if the

---

[2] Because in the absence of a remand order, Plaintiffs' opposition to Defendant's Motion for Summary Judgment would be due on December 19, 2005, Plaintiffs respectfully seek an expeditious decision on the present motion.

defendant's attempt to remove was fairly supportable.  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106, n.6 (9th Cir. 2000).

In this case, a cursory examination of the documents Defendant has submitted in support of removal shows that the removal was improper due to its untimeliness. Plaintiffs should therefore be awarded attorney's fees in the amount of $2,475.00.

## **CONCLUSION**

Because Defendant's removal was untimely under 28 U.S.C. § 1446(b), the case should be remanded to state court and Defendant should be ordered to pay Plaintiffs' attorney's fees and costs under 28 U.S.C. § 1447(c).

Dated Nov. 1, 2005.                           Respectfully submitted,


                                              By: s/Thomas J. Lyons, Sr.

                                              **LYONS LAW FIRM, P.A.**
                                              Thomas J. Lyons, Sr., I.D. #:  65699
                                              342 East County Road D
                                              Little Canada, Minnesota 55117
                                              Telephone:  (651) 770-9707
                                              Fax: (651) 770-5830
                                              **CONSUMER JUSTICE CENTER, P.A.**
                                              Thomas J. Lyons, Jr., I.D. #: 249646
                                              John H. Goolsby, I.D.#: 0320201
                                              342 East County Road D
                                              Little Canada, Minnesota 55117
                                              Telephone**:**  (651) 770-9707
                                              Fax: (651) 770-5830

                                              Attorneys for Plaintiffs