UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

Kristine Forbes (Lamke),
and Morgan Koop,

        Plaintiffs,

    vs.                            REPORT AND
                                      RECOMMENDATION

Wells Fargo Bank N.A.,

        Defendant.           Civ. No. 05-2409 (DSD/RLE)

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge

pursuant to a special assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Motion of the Plaintiffs Kristine Forbes ("Forbes"),

and Morgan Koop ("Koop"), to Remand this case to the Minnesota District Court

where it was originally commenced.

A Hearing on the Motion was conducted on November 15, 2005, at which time,

the Plaintiffs appeared by John H. Goolsby and Thomas J. Lyons, Sr., Esqs.; and the

Defendant appeared by Charles F. Webber, Esq.

For reasons which follow, we recommend that the Plaintiffs' Motion be denied.[1]

## II. Factual Background

The Plaintiffs commenced this action on December 9, 2004, in Minnesota State Court, asserting claims for breach of contract, breach of a fiduciary duty, and negligence, with respect to the disclosure of financial information. Since that time, the parties have engaged in substantial discovery, including depositions, Interrogatories, and Requests for Admissions. The Defendant also moved for Summary Judgment, although the Motion was not heard by the State Court.[2]

---

[1]Given the unsettled state of the law on the question, we express our ruling as a recommendation in deference to the District Court. Compare, Banbury v. Omnitrition Intern., Inc., 818 F. Supp. 276, 279 (D. Minn. 1993)(finding Motion to Remand to be non-dispositive), and Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp.2d 943, 945 (D. Minn. 1999)(same), with Abfalter v. Scott Companies, Inc., 2001 WL 1517035 at *1 (D. Minn., November 27, 2001)("Because a grant of a motion to remand is dispositive of the case in federal court, this R&R will be reviewed under the de novo standard."), and Haag v. Hartford Life and Accident Ins. Co., 188 F. Supp.2d 1135, 1136 (D. Minn. 2002)(same). The only Courts of Appeals to have reviewed the question have concluded that Motions to Remand are dispositive. See, Vogel v. U.S. Office Products Co., 258 F.3d 509, 517 (6th Cir. 2001); First Union Mortgage Corp. v. Smith, 229 F.3d 992, 995-996 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 992 (3rd Cir. 2000). Accordingly, with an abundance of caution, we issue our ruling as a recommendation to the District Court.

[2]The Defendant has also moved for Summary Judgment in this Court, and a Hearing on that Motion is presently set for January 6, 2006, before the District Court, the Honorable David S. Doty presiding.

On October 13, 2005, the Defendant filed a Notice of Removal upon the assertion that Federal Court Jurisdiction is present under Title 28 U.S.C. §1332(a)(1), as the parties are of diverse citizenship, and the amount in controversy is in excess of $75,000.00. <u>Petition for Removal</u>, at ¶3. The Plaintiffs' Motion does not contest the presence of Diversity Jurisdiction, but instead, urges that removal is improper because the Defendant's Notice of Removal is untimely under Title 28 U.S.C. §1446(b). The Plaintiffs also seek an award of costs and attorney's fees, in conjunction with the assertedly improper Removal.

### III. <u>Discussion</u>

A.   <u>Standard of Review</u>.  In relevant part, Title 28 U.S.C. §1441(a), which governs the removal of State Court matters to Federal Court, provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Following removal, a case will be remanded to State Court "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction * * * *.'" <u>Lundeen v. Canadian Pacific Railway Co.</u>, 342 F. Supp.2d 826, 828 (D. Minn.

-3-

2004), quoting Title 28 U.S.C. §1447(c).  "In reviewing a Motion to Remand, the District Court must resolve all doubts in favor of a remand to State Court, and the party opposing a remand bears the burden of establishing Federal jurisdiction." Peterson v. BASF Corporation, 12 F. Supp.2d 964, 968 (D. Minn. 1998), citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Masepohl v. American Tobacco Co., 974 F. Supp. 1245, 1249 (D. Minn. 1997).

   B. Legal Analysis. There does not appear to be any dispute that there is complete diversity between each of the Plaintiffs, and the Defendant, or that Forbes' is seeking damages in excess of $75,000.00.  Rather, the sole issue presented by the Plaintiffs' Motion is the timeliness of the Defendant's Petition for Removal.  The timeliness of a Petition to Remove a State Court action is governed by Title 28 U.S.C. §1446(b), which provides, in pertinent part, as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

-4-

Operating under this Statute, the parties dispute the date upon which the Defendant received "other paper from which it may first be ascertained that the case is or has become removable."

The Complaint, itself, does not identify the amount in controversy, except to allege that the damages suffered by the Plaintiffs exceed $1,000.00.  See, <u>Complaint</u>, at ¶¶25, 26, 30, and 34.  On March 11, 2005, the Plaintiff answered the Defendant's First Set of Requests for Admissions, and denied that either of the two named Plaintiffs were "seek[ing] damages in an amount exceeding the sum or value of $75,000, exclusive of interest and costs."  See, <u>Defendant's Exhibits In Support of Response to Motion to Remand ("Defendant's Exhs.")</u>, at  p. 1.

Subsequently, on March 15, 2005, the Defendant took the depositions of each of the named Plaintiffs.  During her deposition, Forbes testified that the amount of her damages claim could be estimated by multiplying $27.00, which represents her wages per hour at a pay rate of time and one-half, by four (4) hours per month, for approximately fifty-five (55) years.  Also figured into this calculation is a nine (9) percent increase, per annum, that represents inflation, which she estimated at three (3) per cent per annum, plus an annual pay raise of six (6) per cent.  <u>Deposition of Kristine Forbes</u>, at pp. 72-74<u>, Defendant's Exhs.</u>, at pp. 4-6.  Applying this formula, it appears

that Forbes is claiming damages that are in excess of $75,000.00.  The testimony of Koop does not establish such a formulaic approach to the calculation of his damages, although it appears from his deposition testimony that he is claiming damages that are less than $75,000.00.  See, <u>Deposition of Morgan Koop</u>, at pp. 42-49, <u>Defendant's Exhs.</u>, at pp. 10-11.

On June 29, 2005, the Defendant served Forbes with its First Set of Interrogatories.  As is pertinent to the pending Motion, Interrogatory No. 14 inquired as to whether Forbes was "seeking to recover in this litigation money damages for the expenditure of time about which [she] testified at pages 67 through 74 of the transcript of [her] deposition of March 15, 2005," and requested that Forbes "identify the amount of damages that [she] seek[s] to recover and identify all documentation of the amount of those damages."  <u>Defendant's Supplemental Exhibits in Response to Motion to Remand</u>, at p. 40.  Forbes' answer to the Interrogatory, which was served on the Defendant on July 29, 2005, disclosed that she is seeking $1,282.41 in  damages that were the subject of the Interrogatory, and provided a calculation of those damages.[3] <u>Defendant's Exhs.</u>, at pp. 24.

---

[3]The parties dispute over the propriety of Forbes' Answer to Interrogatory No.
(continued...)

Subsequently, the Defendant served Forbes with another set of Requests for Admissions, which referenced Forbes' deposition testimony, and asked Forbes to admit that the damages calculations that she testified to in her deposition were inaccurate. On October 12, 2005, Forbes served her Answer to those Requests, in which she denied the inaccuracy of her deposition testimony concerning her damages, and the calculation thereof. Defendant's Exhs., at pp. 28-30. The Defendant's Notice of Removal was filed on October 13, 2005, one day after its receipt of Forbes' Answers to its second Requests for Admissions.

Given this sequence of events, the precise issue presented by the Plaintiff's Motion devolves to when it first became ascertainable to the Defendant that the

---

[3](...continued)
14 concerns the language of the Interrogatory itself. In Forbes' Answers to Interrogatory No. 14, Forbes quoted the Interrogatory as inquiring as follows: "Are you seeking to recover in this litigation money damages for the expenditures of time about which you testified at pages 34 through 37 of the transcript of your deposition of March 15, 2005 * * *," while the copy of Interrogatory No. 14 that was served by the Defendant reads: "Are you seeking to recover money damages for the expenditures of time about which you testified at pages 67 through 74 of the transcript of your deposition of November 15, 2005 * * *." Compare, Defendant's Exhibits in Response to Motion to Remand, at p.24, with Defendant's Supplemental Exhibits in Response to Motion to Remand, at 40. While this discrepancy explains Forbes' seemingly inconsistent answers, we need not address the matter further, as Forbes' Answer to Interrogatory No. 14 is not a critical factor in our determination of the timeliness of the Defendant's Petition for Removal.

Plaintiff's claims were removable under Section 1441(b), so as to trigger the thirty (30) day limitation.  The Plaintiffs assert that the Defendant was made aware that the amount in controversy exceeded $75,000.00 during  Forbes' deposition of March 15, 2005.[4]  However, the Defendant maintains that, given the contradictory Answers that it received to its initial Request for Admissions, its deposition inquiries, and its First Set of Interrogatories, that it could not have ascertained that the amount in controversy exceeded $75,000.00 until its receipt of Forbes' Answers to its second Requests for Admissions, on October 12, 2005.

The Plaintiffs advised, at the Hearing, that Forbes is seeking damages that are in excess of the $75,000.00 jurisdictional threshold.    While we accept this representation as true, we ultimately find that nothing in Forbes' deposition testimony, or any other discovery responses, expressed the amount in controversy with sufficient

---

[4]The Defendant does not urge that deposition testimony falls outside of the meaning of "other paper," as that phrase is used in Section 1446(b), and our independent research has disclosed no binding precedent on that issue.  Moreover, there appears to be a split in authority, as to whether deposition testimony may constitute "other paper," but with the majority of jurisdictions construing the term "other paper" to include deposition testimony.  See, Peters v. Lincoln Electric Co., 285 F.3d 456, 465 (6th Cir. 2002), and cases cited therein.  Since it is not a matter of dispute among the parties, we conclude that Forbes' deposition testimony constitutes "other paper" for the purposes of Section 1446(b).

clarity to have imposed upon the Defendant the responsibility for ascertaining the presence of Federal Court Jurisdiction.   Specifically, irrespective of Forbes' deposition testimony, or her recent reaffirmation of that testimony, nothing in this Record expressly modifies Forbes' previous Answer to the Defendant's initial Request for Admissions, where she unequivocally denied that she was seeking damages that exceeded the sum value of $75,000.00, exclusive of interests and costs. Forbes denial was signed by counsel for Forbes and, in the absence of any explicit representation that the denial no longer represented an accurate reflection of Forbes' alleged damages, its truthfulness may be assumed, irrespective of Forbes' seemingly contradictory deposition testimony.

Therefore, while we are now satisfied that the Plaintiff's action could originally have been brought in Federal Court, under Title 28 U.S.C. §1332, we ultimately find that, given Forbes' Answer to the Defendant's initial Request for Admissions, the existence of such jurisdiction could not be ascertained from the deposition testimony of Forbes.  Cf., Hibbs v. Consolidated Coal Co., 842 F. Supp. 215, 216-217 (N. D. W.Va. 1994)(discovery responses which indicated that the plaintiff had suffered damages in excess of the jurisdictional threshold did not trigger the thirty (30) day limitations period where the Complaint alleged that the plaintiff was seeking less than

the jurisdictional threshold).  Accordingly, since we find that the Defendant's Petition for Removal was timely under Section 1446, and that the Plaintiffs have not drawn any other defect in the Defendant's Notice of Removal to our attention, and no defect is disclosed upon our independent review, we  recommend that the Plaintiffs' Motion to Remand be denied.[5]

---

[5]At the time of Forbes' deposition, the established law in this Circuit limited diversity jurisdiction to only those instances where each of the named plaintiffs had satisfied the amount in controversy threshold.  See, Trimble v. Asarco, Inc., 232 F.3d 946, 962 (8th Cir. 2000).  However, on June 23, 2005, the United States Supreme Court abrogated the rule in Trimble, and held that, "[w]hen the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim."  Exxon Mobil Corp. v. Allapattah Services, Inc., --- U.S. ---, 125 S.Ct. 2611, 2620 (2005).  Applying the rule set forth in Allapattah, diversity jurisdiction would lie here, so long as the claims of either Forbes or Koop satisfied the jurisdictional threshold.  However, as the term "other paper" in Section 1446(b) does not include newly issued Supreme Court opinions, see, State v. Pharmacia, 2005 WL 2739297 at *1 (D. Minn, October 24, 2005), quoting Johansen v. Employee Benefit Claims, Inc., 688 F. Supp. 1294, 1296 (D. Minn. 1987), the Defendant could not rely on Allapattah, as the basis for removal, in the absence of some "other paper."

Here, the information that was acquired in response to the Defendant's second Request for Admissions concretely reaffirmed Forbes' deposition testimony, and there has been some suggestion that, in serving the Plaintiff with its second Request for Admissions, the Defendant was merely attempting an end-run around the rule set forth in Johansen, in order to remove the case under Allapattah.  Considering the nature of the Defendant's second Request for Admissions, we might be persuaded by such an

(continued...)

-10-

NOW, THEREFORE, It is –

RECOMMENDED:

That the Plaintiff's Motion to Remand [Docket No. 5] be denied.


Dated:  December 27, 2005                    s/Raymond  L. Erickson

                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE


**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and

D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than**

**January 17, 2006,** a writing which specifically identifies those portions of the Report

to which objections are made and the bases of those objections.  Failure to comply

---

[5](...continued)
argument under different circumstances but, given that Forbes' Answer to the
Defendant's initial Request for Admissions conflicted with her deposition testimony,
and that conflict was by no means clarified by the Plaintiff's Answer to Interrogatory
No. 14, we are satisfied that the Defendant's purpose in serving its second Request
for Admissions was to resolve the discrepancy in the Plaintiff's previous discovery
responses, rather than to circumvent the holding in Johansen.

with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 17, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.