```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 05-2409(DSD/RLE)
```

Kristine Forbes (Lamke)
and Morgan Koop,

      Plaintiffs,

v.                                        **ORDER**

Wells Fargo Bank, N.A.,

      Defendant.

      Thomas J. Lyons, Esq. and Lyons Law Firm, P.A., 342 East County Road D E, Little Canada, MN 55117, counsel for plaintiffs.

      Charles F. Webber, Esq., Michael M. Krauss, Esq. and Faegre & Benson, LLP, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

      This matter is before the court upon defendant's motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendant's motion.

**BACKGROUND**

      The dispute in this matter arises from the allegedly negligent protection of personal data. Defendant Wells Fargo Bank ("Wells Fargo") is a financial institution. Subsidiaries of Wells Fargo hired a service provider, Regulus Integrated Solutions ("Regulus"), to print monthly statements for certain home equity mortgage and

student loan customers. On October 3, 2004, computers were stolen from Regulus that contained unencrypted customer information including names, addresses, Social Security numbers and account numbers. Plaintiffs Kristine Forbes and Morgan Koop were among the customers whose information was on one of the stolen computers.

On or about October 30, 2004, Wells Fargo mailed letters to plaintiffs and other potentially affected customers, notifying them of the computer theft and offering informational and identity protection services. For purposes of this summary judgment motion, it is undisputed that plaintiffs have expended time and money to monitor their credit for any fraudulent use of their personal information.[1] To date, there has been no indication that the information on the stolen computers has been accessed or misused.

On December 7, 2004, plaintiffs filed suit in Minnesota state court, alleging breach of contract, breach of fiduciary duty and negligence. Plaintiffs also requested certification of this matter as a class action. On October 13, 2005, Wells Fargo removed the case to this court. Wells Fargo now moves for summary judgment on all claims,[2] asserting that plaintiffs have failed to show damages.

---

[1] In their complaint, plaintiffs also claim they suffered emotional distress, fear, anxiety and worry. (See Compl. ¶¶ 26, 34.) However, they have indicated that they no longer seek damages for emotional distress. (See Pls.' Mem. Opp'n Def.'s Mot. Summ. J. at 2 n.1.)

[2] Plaintiffs have indicated that they are not pursuing their claim for breach of fiduciary duty. (See Pls.' Mem. Opp'n Def.'s
(continued...)

2

**DISCUSSION**

**I.   Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party. See id. at 255. The non-moving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See

---

[2](...continued)
Mot. Summ. J. at 2 n.1.)  Therefore, the court will only address plaintiffs' negligence and breach of contract claims.

Celotex, 477 U.S. at 324.  Moreover, if a plaintiff cannot support each essential element of her claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Id. at 322-23.

**II.  Negligence Claim**

Plaintiffs allege that Wells Fargo negligently allowed Regulus to keep customers' private information without adequate security. To establish a negligence claim, a plaintiff must prove that (1) the defendant owed plaintiff a duty of care, (2) the defendant breached that duty, (3) the plaintiff sustained damage and (4) the breach of the duty proximately caused the damage.  Engler v. Ill. Farmers Ins. Co., 706 N.W.2d 764, 767 (Minn. 2005).  A plaintiff may recover damages for an increased risk of harm in the future if such risk results from a present injury and indicates a reasonably certain future harm.  See Dunshee v. Douglas, 255 N.W.2d 42, 47 (Minn. 1977); Bryson v. Pillsbury Co., 573 N.W.2d 718, 721 (Minn. Ct. App. 1998).  Alone, however, "the threat of future harm, not yet realized, will not satisfy the damage requirement."  Reliance Ins. Co. v. Arneson, 322 N.W.2d 604, 607 (Minn. 1982).

Plaintiffs contend that the time and money they have spent monitoring their credit suffices to establish damages.  However, a plaintiff can only recover for loss of time in terms of earning capacity or wages.  See Cox v. Chi. Great W. R.R. Co., 223 N.W.

4

675, 677 (Minn. 1929). Plaintiffs have failed to cite any Minnesota authority to the contrary. Moreover, they overlook the fact that their expenditure of time and money was not the result of any present injury, but rather the anticipation of future injury that has not materialized. In other words, the plaintiffs' injuries are solely the result of a perceived risk of future harm. Plaintiffs have shown no present injury or reasonably certain future injury to support damages for any alleged increased risk of harm. For these reasons, plaintiffs have failed to establish the essential element of damages.[3] Therefore, summary judgment in favor of defendant on plaintiffs' negligence claim is warranted.

## III.  Breach of Contract Claim

Plaintiffs also bring a claim for breach of contract against Wells Fargo. To establish their claim, plaintiffs must show that they were damaged by the alleged breach. See <u>Jensen v. Duluth Area</u>

---

[3] Plaintiffs also argue that statutory definitions of the crime of "identity theft" demonstrate that they have suffered damages. However, their argument fails for two reasons. First, plaintiffs have provided no legal basis for using criminal statutes to define damages in this negligence action. Second, even if the court could refer to such statutes, plaintiffs have failed to show that they are victims of identity theft. The crime of identity theft requires intent to use the identity information of another to commit, aid or abet any unlawful activity. See 18 U.S.C. § 1028(a)(7); Minn. Stat. § 609.527, subd. 2. Here, plaintiffs have not shown such intent or that anyone even accessed their identity information. See <u>Guin v. Brazos Higher Educ. Serv. Corp.</u>, No. 05-668, 2006 WL 288483, at *5 (D. Minn. Feb. 7, 2006) (involving similar facts and finding no instance of identity theft). For these same reasons, the court also rejects plaintiffs' reliance on the definition of a victim's "loss" in identity theft criminal statutes and relevant sentencing guidelines.

<u>YMCA</u>, 688 N.W.2d 574, 578-79 (Minn. Ct. App. 2004). For all of the reasons discussed above, plaintiffs have failed to establish damages. Therefore, summary judgment in favor of defendant on plaintiffs' breach of contract claim is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Docket No. 2] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 16, 2006

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court
